JEFFREY DONTIGNEY *v.* COMMISSIONER OF
CORRECTION
(14294)

Dupont, C. J., and Landau and Heiman, Js.

Argued June 11—officially released July 23, 1996

*James E. Swaine*, for the appellant (petitioner).

*James M. Ralls*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Christopher Alexy*, assistant state's attorney, for the appellee (respondent).

PER CURIAM. After a review of the record and briefs, and after hearing from the parties at oral argument, we conclude that the petitioner in this habeas corpus appeal has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The habeas court's dismissal of the petitioner's writ was predicated on a factual review of the petitioner's claim and a determination that the petitioner had failed to establish prejudice as required by *Johnson* v. *Commissioner*, 218 Conn. 403, 424, 589 A.2d 1214 (1991). In order to show prejudice, the petitioner must establish that there exists a reasonable probability that the result of the trial would have been different but for counsel's ineffective assistance. *Levine* v. *Manson*, 195 Conn. 636, 640, 490 A.2d 82 (1985). A reasonable probability is a probability sufficient to undermine confidence in the verdict. *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 454, 610 A.2d 598 (1992).

The habeas court reviewed the petitioner's claims in the context of his testimony before that court and in light of the testimony of the other witnesses before it,

including trial counsel. The habeas court also had before it the petitioner's statements to the police explaining how it came to pass that the victim shot herself in his presence. The habeas court had before it more than sufficient evidence to find that the petitioner was not prejudiced by any assumed ineffective assistance on the part of trial counsel. Moreover, after hearing the testimony of the petitioner, the habeas court made a factual determination that his testimony lacked credibility and found that his testimony at the criminal trial would not have caused a different result.

The petitioner's attack on the performance of appellate counsel in his direct appeal is equally unavailing. "We conclude that, in order for the petitioner to establish prejudice resulting from his appellate counsel's deficient performance, he must establish that, as a result of that performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal. Put another way, he must establish that, because of the failure of his appellate counsel to raise a [secondary lesser included offense] claim, there is a reasonable probability that he remains burdened by an unreliable determination of his guilt." *Bunkley* v. *Commissioner of Correction*, supra, 222 Conn. 454. Thus, his claim with respect to the alleged ineffective assistance of appellate counsel is subject to the same infirmity as is his claim of ineffective assistance of trial counsel, a lack of proof of the requisite prejudice. *Strickland* v. *Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674; *Phillips* v. *Warden*, 220 Conn. 112, 132, 595 A.2d 1356 (1991).

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.