### WENDELL STOVALL *v.* COMMISSIONER OF CORRECTION
### (14607)

Dupont, C. J., and O'Connell and Freedman, Js.

Argued September 19—officially released November 12, 1996

*Max F. Brunswick*, for the appellant (petitioner).

*Rita M. Shair*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Christopher Alexy*, assistant state's attorney, for the appellee (respondent).

FREEDMAN, J. The petitioner appeals from the judgment of the habeas court. He first claims that the habeas court improperly denied his petition for certification to appeal following the dismissal of his amended petition for a writ of habeas corpus, and he claims second, that the habeas court improperly dismissed his amended petition for habeas corpus relief.

The facts are not in dispute. The petitioner was convicted of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) and failure to appear in the first degree in violation of General Statutes § 53a-172. The petitioner appealed to this court from his conviction arguing, inter alia, that the trial court had improperly allowed the state to introduce his statements to a police officer without first requiring the state to prove that the officer had properly advised the petitioner of his rights and that the petitioner had waived them. *State* v. *Irving*, 27 Conn. App. 279, 281, 606 A.2d 17, cert. denied, 222 Conn. 907, 608 A.2d 694 (1992).[1] In *Irving*, we declined to give *Golding*[2] review to this claim. We noted in the petitioner's criminal appeal that he had made a tactical choice to allow the statements to come before the jury in order to bolster his testimony at trial, and that he could not therefore claim "foul" in the admission of the statements. Id., 285, quoting *State* v. *Anderson*, 209 Conn. 622, 633, 553 A.2d 589 (1989). The petitioner's conviction was, therefore, upheld on appeal.

The petitioner then filed an amended petition for a writ of habeas corpus alleging that his statements were obtained without a valid waiver of his *Miranda*[3] rights and that he had been denied the effective assistance of counsel. Following a hearing, the habeas court dis-

---

[1] The petitioner is also known as Wendell Irving.

[2] *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

[3] *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

missed the petition and thereafter denied the petitioner's request for certification to appeal. The petitioner then filed the present appeal.

With regard to the first count of the petition, in which the petitioner alleged that the statements he made to the arresting officer were obtained in violation of his *Miranda* rights, the habeas court noted that trial counsel chose not to pursue the motion to suppress these statements in order to gain a tactical advantage at trial. The habeas court held that such a deliberate decision does not satisfy the cause component of the *Wainwright* v. *Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977), "cause and prejudice" standard of reviewability.

In the second count of his petition, the petitioner alleged that he was denied the effective assistance of counsel because his attorney had to try the case unprepared. The habeas court's dismissal of this count was predicated on a factual review of the petitioner's claims and a determination that the petitioner had failed to establish that his trial attorney's performance fell below an objective standard of reasonableness, as is required in order to prevail on a claim of ineffective assistance of counsel. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Johnson* v. *Commissioner of Correction*, 218 Conn. 403, 425, 589 A.2d 1214 (1991).

After a review of the record and briefs, and after hearing the parties at oral argument, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189,

640 A.2d 601 (1994); *Dontigney* v. *Commissioner of Correction*, 42 Conn. App. 304, 305, 679 A.2d 55, cert. denied, 239 Conn. 918, 682 A.2d 999 (1996); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The appeal is dismissed.

In this opinion the other judges concurred.