EDUARDO GUADALUPE *v.* COMMISSIONER OF
CORRECTION
(AC 24180)

Dranginis, DiPentima and McLachlan, Js.

Submitted on briefs February 27—officially released June 1, 2004

*James M. Fox*, special public defender, filed a brief for the appellant (petitioner).

*Michael Dearington*, state's attorney, and *Mitchell S. Brody* and *Linda N. Howe*, senior assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Eduardo Guadalupe, appeals following the denial by the habeas court of his petition for certification to appeal from the denial of his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court (1) abused its discretion when it denied his petition for certification to appeal, (2) improperly rejected his claim that trial counsel provided ineffective assistance and (3) improperly failed to inquire about the voluntariness of his guilty plea, thereby violating his due process rights. Our examination of the record and briefs persuades us that the court properly denied the petition for certification to appeal and, accordingly, we dismiss the appeal.

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. On

December 21, 1999, the petitioner was arrested and charged with a narcotics violation. At that time, the petitioner was awaiting sentencing on prior convictions. At the sentencing, the petitioner told the court, *Iannotti, J.*, that he was unwilling to accept a plea on his new file because he wanted to go to trial. Judge Iannotti told the petitioner that any time he spent in jail would not be credited for being in custody while awaiting trial on the narcotics charge.

A special public defender was appointed to represent the petitioner on the new file. She advised the petitioner that it would be difficult to establish at trial his claim that the police had framed him by placing drugs on him. Nonetheless, she told the petitioner that she was prepared to go to trial to advocate for him. Moments before trial, however, the petitioner decided to enter a plea pursuant to the *Alford* doctrine. See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). After canvassing the petitioner, the court, *Harper, J.*, accepted the petitioner's plea. The petitioner subsequently was sentenced to eight years imprisonment.

The petitioner filed a petition for a writ of habeas corpus and an amended petition, alleging that his trial counsel had rendered ineffective assistance by failing to ensure that his plea was voluntary. In addition, the petitioner claimed that when he entered his plea, he understood that his sentence started on the date of his arrest rather than on the day of sentencing. Following a trial, the habeas court denied the petition, concluding that the petitioner had failed to sustain his burden of proving ineffective assistance of counsel. Further, the court found that the petitioner's claim that he did not know that his sentence would run from the date of sentencing lacked merit because at the 2000 sentencing, Judge Iannotti told him that he would lose the ability to get good time credit on future sentences. Also, when

the petitioner was sentenced on the narcotics charge, his special public defender asked that the sentence be imposed retroactively. The request was denied. The petitioner thereafter filed a petition for certification to appeal, which the habeas court denied. This appeal ensued.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." (Citations omitted; internal quotation marks omitted.) *Owens* v. *Commissioner of Correction*, 63

Conn. App. 829, 830–31, 779 A.2d 165, cert. denied, 258 Conn. 905, 782 A.2d 138 (2001), citing *Strickland* v. *Washington,* 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); see also *Bunkley* v. *Commissioner of Correction,* 222 Conn. 444, 445, 610 A.2d 598 (1992).

After reviewing the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of his petition for certification to appeal from the denial of his petition for a writ of habeas corpus was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden,* supra, 230 Conn. 612.

The appeal is dismissed.