JEFFREY J. DONTIGNEY *v.* COMMISSIONER OF
CORRECTION
(AC 25105)

Schaller, Bishop and Dupont, Js.

Argued December 7, 2004—officially released March 1, 2005

*Jeffrey J. Dontigney,* pro se, with whom, on the brief, was *Salvatore C. Adamo,* special public defender, for the appellant (petitioner).

*Proloy K. Das,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Elizabeth Bodine,* assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Jeffrey J. Dontigney, appeals from the judgment of the habeas court, which denied his petition for a writ of habeas corpus with prejudice and denied his petition for certification to appeal to this court. The petitioner claims that the court abused its discretion when it denied him certification to obtain review by this court. The petitioner argues that in the event that we conclude that the court did abuse its discretion, his petition for a writ of habeas corpus should not have been denied without an evidentiary hearing. We reverse the judgment of the habeas court in part.

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. In 1989, following a verdict by a jury of guilty of one count of murder in violation of General Statutes § 53a-54a, the trial court sentenced the petitioner to thirty-three years incarceration. In *State* v. *Dontigney*, 215 Conn. 646, 577 A.2d 1032 (1990), our Supreme Court upheld the jury verdict and affirmed the judgment of the trial court. In June, 1993, the petitioner filed a petition for a writ of habeas corpus, claiming ineffective assistance of both trial and appellate counsel. Specifically, the petitioner claimed that his trial attorney was ineffective in that he refused to allow the petitioner to testify and that counsel failed to present an expert witness to rebut certain testimony and experimental evidence of the state's forensics expert. Counsel refused to allow the petitioner to testify because the petitioner was intoxicated. The petitioner also claimed that his appellate attorney was ineffective in failing to raise, on direct appeal, the refusal of the trial court to instruct the jury on the lesser included offense of manslaughter in the second degree. Attorney Ira B. Grudberg represented the petitioner both at his criminal trial and on direct appeal.

Following a full hearing on the merits of the petitioner's habeas claims, the habeas court dismissed the petition for a writ of habeas corpus. See *Dontigney* v. *Commissioner of Correction*, 42 Conn. App. 304, 679 A.2d 55, cert. denied, 239 Conn. 918, 682 A.2d 999 (1996). Applying the test for ineffective assistance of counsel set forth in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), as adopted in *Johnson* v. *Commissioner of Correction*, 218 Conn. 403, 424–25, 589 A.2d 1214 (1991) (petitioner must prove both that trial attorney's performance was deficient and that deficient performance prejudiced defense), the court concluded that the petitioner had not shown that

Grudberg's performance was deficient and that, even if it had been, the petitioner had failed to meet his burden of proving that confidence in the guilty verdict had been undermined because of that alleged deficiency. Affirming the judgment of the habeas court, this court, in *Dontigney* v. *Commissioner of Correction,* supra, 306, dismissed the petitioner's appeal, held that he had failed to establish prejudice and affirmed the denial of certification to appeal to this court.

On August 29, 2003, counsel for the petitioner filed another petition for a writ of habeas corpus, which is the subject of this appeal. It alleged in separate counts (1) ineffective assistance of trial counsel and (2) ineffective assistance of habeas counsel at the first habeas proceeding. The petitioner argued, inter alia, that instead of flatly refusing to allow him to testify, Grudberg should have requested a continuance to give the petitioner time to become sober. The habeas court denied the petition with prejudice on the ground of res judicata. The court stated that "the petitioner is procedurally estopped from raising the claim [of failure to request a continuance] since he had numerous opportunities to raise the claim, and the petition also appears to be an abuse of the writ." The court also denied certification to appeal to this court.

I

The petitioner claims that the court improperly denied him certification to appeal from the denial of the present petition for a writ of habeas corpus. The petitioner contends that he raised a different issue in this petition. Specifically, the petitioner argues that his trial counsel was ineffective not merely as alleged in his prior petition for a writ of habeas corpus because he refused to allow the petitioner to testify, but because he failed to request a continuance to give the petitioner time to become sober. We disagree.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden,* 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden,* 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Guadalupe* v. *Commissioner of Correction,* 83 Conn. App. 180, 182, 849 A.2d 883, cert. denied, 270 Conn. 911, 853 A.2d 525 (2004).

The first habeas corpus petition and the petition that is the subject of this appeal both raise an identical issue, namely, whether the petitioner suffered prejudice as a result of his not having a jury hear his testimony. That issue finally was adjudicated in connection with the petitioner's first petition for a writ of habeas corpus. Affirming the habeas court's denial of the petitioner's first petition for a writ of habeas corpus, this court stated that "[t]he habeas court reviewed the petitioner's claims in the context of his testimony before that court and in light of the testimony of the other witnesses before it, including trial counsel," and found that "the petitioner was not prejudiced by any assumed ineffective assistance on the part of trial counsel. Moreover, after hearing the testimony of the petitioner, the habeas court made a factual determination that his testimony

lacked credibility and found that his testimony at the criminal trial would not have caused a different result." *Dontigney* v. *Commissioner of Correction*, supra, 42 Conn. App. 305–306.

"There are two components of a claim of ineffective assistance of counsel. First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced the defense." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, supra, 218 Conn. 424. Were we to conclude that the petitioner's claim in the present appeal is legally distinct from the one raised in his first petition for a writ of habeas corpus, which we do not, the issue of prejudice would still remain. The dispositive issue, therefore, is whether trial counsel's failure to seek a continuance, to give the petitioner the opportunity to become sober and to testify, prejudiced the defense.

Our Supreme Court has stated that "res judicata applies to criminal as well as civil proceedings." (Internal quotation marks omitted.) *McCarthy* v. *Warden*, 213 Conn. 289, 294, 567 A.2d 1187 (1989), cert. denied, 496 U.S. 939, 110 S. Ct. 3220, 110 L. Ed. 2d 667 (1990); see also *Brown* v. *Commissioner of Correction*, 44 Conn. App. 746, 749, 692 A.2d 1285 (1997). "[C]ollateral estoppel, or issue preclusion, is that aspect of res judicata that prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties or those in privity with them upon a different claim. . . . An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined." (Citations omitted; internal quotation marks omitted.) *Efthimiou* v. *Smith*, 268 Conn. 499, 506–507, 846 A.2d 222 (2004).

In the present petition for a writ of habeas corpus, the petitioner was required to establish that he was prejudiced by Grudberg's decision not to allow him to testify. That issue was actually litigated and necessarily determined in the decision on the petitioner's first petition for a writ of habeas corpus. The petitioner's present claim of ineffective assistance of counsel would require relitigation of that same issue. Although the petitioner now contends that Grudberg's allegedly deficient performance lies in the failure to seek a continuance, that claim addresses only the first prong of the *Strickland* test, namely, whether Grudberg's assistance was deficient. The second issue, whether that alleged deficiency prejudiced the petitioner's defense, remains the same. As such, the doctrine of collateral estoppel bars the petitioner's present petition for a writ of habeas corpus. No further review of that claim is warranted. We conclude that the court's denial of certification to appeal from the denial of the petition for a writ of habeas corpus with respect to the claim of ineffective assistance of trial counsel was a sound exercise of discretion.

## II

The respondent commissioner of correction concedes that the court abused its discretion in denying the petitioner a hearing on his claim of ineffective assistance of counsel at the first habeas trial. We agree. Because the respondent has conceded that issue, we do not address the merits of the claim, but remand the case for further proceedings.

The judgment is reversed only as to the claim of ineffective assistance of habeas counsel and the case is remanded for further proceedings in accordance with law. The judgment is affirmed in all other respects.