JANET GRIFFIN *v.* COMMISSIONER OF
CORRECTION
(AC 26458)

McLachlan, Harper and Mihalakos, Js.

Submitted on briefs June 2—officially released August 22, 2006

*Sebastian O. DeSantis*, special public defender, filed a brief for the appellant (petitioner).

*Timothy J. Liston*, state's attorney, and *Rita M. Shair*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Janet Griffin, appeals from the judgment of the habeas court dismissing her petition for a writ of habeas corpus. The petitioner claims that the court improperly concluded that her trial counsel had not rendered ineffective legal assistance during her criminal trial. We affirm the judgment of the habeas court.

Following a jury trial, the petitioner was convicted of one count of capital felony in violation of General Statutes § 53a-54b (8) and two counts of murder in violation of General Statutes § 53a-54a. The trial court imposed a sentence of life imprisonment without the possibility of release pursuant to General Statutes § 53a-46a (g). Our Supreme Court affirmed the conviction in *State* v. *Griffin*, 251 Conn. 671, 741 A.2d 913 (1999).

The petitioner thereafter brought an amended petition for a writ of habeas corpus. The petition consisted of the petitioner's claims that, with regard to specific aspects of counsel's representation and the trial strategy employed, counsel rendered ineffective assistance. The court conducted an evidentiary hearing and issued a thorough memorandum of decision in which it concluded that the representation afforded the petitioner by her trial counsel "was in no way deficient." The court further concluded that, as a result of the representation, the petitioner had not suffered any prejudice. The court dismissed the petition for a writ of habeas corpus and subsequently granted the petition for certification to appeal.

"Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In *Strickland* v. *Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a criminal conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable." (Internal quotation marks omitted.) *Bova* v. *Commissioner of Correction,* 95 Conn. App. 129, 134, 894 A.2d 1067, cert. denied, 278 Conn. 920, 901 A.2d 43 (2006).

We carefully have reviewed the court's detailed findings of fact relating to each of the claims of ineffective assistance of counsel set forth by the petitioner. The court's findings are supported by the evidence presented as well as the reasonable and logical inferences to be drawn from the evidence. Further, we agree with the court's conclusions of law that relate to the facts found; the court properly concluded that the petitioner had failed to overcome the presumption that her trial counsel acted within the bounds of competent representation and a sound trial strategy.

Although our conclusion that the petitioner failed to satisfy *Strickland*'s first prong is dispositive, we also

acknowledge that the petitioner has failed in any meaningful or significant manner to challenge the court's conclusion that, as a result of the representation afforded her by her trial counsel, she has not suffered any prejudice. The petitioner's entitlement to habeas relief depended on her ability to prove that her trial counsel performed in a deficient manner and that such performance caused her prejudice. Specifically, "[the petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) Id., 135. Even if the petitioner prevailed on her claim that she had received ineffective legal assistance, her failure to challenge the court's conclusion under *Strickland*'s second prong, which was that she suffered no prejudice as a result of the representation afforded her by trial counsel, is fatal to her appeal.

The judgment is affirmed.