EDWARD D. WRIGHT *v.* COMMISSIONER OF
CORRECTION
(AC 28333)

McLachlan, Robinson and Pellegrino, Js.

Argued September 19—officially released November 11, 2008

*John C. Drapp III*, special public defender, with whom, on the brief, was *Joseph A. Jaumann*, special public defender, for the appellant (petitioner).

*Timothy J. Sugrue*, senior assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Angela R. Macchiarulo*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. This is an appeal from the judgment of the habeas court denying a petition for a writ of habeas corpus in which the petitioner, Edward D. Wright, claimed that his conviction of attempt to commit murder and assault in the first degree was obtained as a result of the ineffective assistance of counsel. On appeal, the petitioner claims (1) that the court abused its discretion in denying his petition for certification to appeal and (2) that the court improperly found that the ineffective assistance of counsel was not prejudicial to him. The appeal is dismissed.

In 1999, following a jury trial, the petitioner was convicted of attempt to commit murder in violation of General Statutes §§ 53a-49 and 53a-54a, and assault in the first degree in violation of General Statutes § 53a-59 (a) (1).[1] He was sentenced to a total effective term of eighteen years imprisonment. The petitioner appealed, and this court affirmed the judgment of the trial court.

---

[1] The petitioner also was charged with burglary in the first degree in violation of General Statutes § 53a-101. This charge was not submitted to the jury, as the court granted the petitioner's motion for a judgment of acquittal on that charge. Additionally, the jury found that the petitioner had committed the crimes while on pretrial release.

*State* v. *Wright*, 62 Conn. App. 743, 774 A.2d 1015, cert. denied, 256 Conn. 919, 774 A.2d 142 (2001). He then filed a petition for a writ of habeas corpus, which was amended for the third time on September 19, 2006. The petition was denied by the court on November 15, 2006, and a later petition for certification to appeal also was denied on November 24, 2006. The petitioner now appeals.

The jury heard the following evidence. The petitioner had moved out of an apartment that he shared with his former girlfriend, Jane Cadorette, one week prior to the incident that gave rise to the charges against him. On the morning of the incident, the petitioner entered Cadorette's apartment and then broke down the door to the bedroom where he found Cadorette with the victim, Verrand Little. A fight ensued between the petitioner and Little. The petitioner then went into the kitchen to obtain a knife and returned to the bedroom where he stabbed Little in the back. The petitioner's claim of self-defense was based on his assertion that when he entered the bedroom, the victim hit him in the face with a bat, that the petitioner then staggered into the kitchen where he grabbed the knife and returned to the bedroom, and that, as the fight continued, the petitioner dropped the knife, which the victim rolled onto, causing the "stab wounds" in the victim's back. The jury did not accept the petitioner's self-defense claim.

We begin by setting forth the standard of review and legal principles that guide our resolution of the petitioner's appeal. "Faced with the habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the [denial] of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612,

646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must prove that the decision of the habeas court should be reversed on the merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Dontigney* v. *Commissioner of Correction*, 87 Conn. App. 681, 684, 867 A.2d 93 (2005).

We examine the petitioner's underlying claim of ineffective assistance of counsel to determine whether the court abused its discretion in denying the petition for certification to appeal. The petitioner's claim of ineffective assistance of counsel centers on the failure of his counsel to impeach the testimony of Cadorette. First, the petitioner argues that counsel was ineffective in failing to impeach Cadorette with her prior felony conviction. Second, the petitioner argues that counsel was ineffective in failing to impeach Cadorette with a prior inconsistent statement made to a defense investigator thirty days prior to trial. Last, the petitioner argues that the failure to impeach Cadorette was prejudicial to him. The court found that even though the representation by the petitioner's trial attorney was deficient and did amount to ineffective assistance, it was not prejudicial to the petitioner given the strength of the state's case. We agree with the court.

"Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the

underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Griffin* v. *Commissioner of Correction*, 97 Conn. App. 200, 202, 903 A.2d 273, cert. denied, 280 Conn. 922, 908 A.2d 543 (2006).

Following the two-pronged test set out in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the court denied the petition for a writ of habeas corpus, which alleged ineffective assistance of counsel. "Under [the *Strickland*] test, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both deficient performance and actual prejudice. The first prong is satisfied by proving that counsel made errors so serious that he was not functioning as the 'counsel' guaranteed by the sixth amendment. The second prong is satisfied if it is demonstrated that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Russell* v. *Commissioner of Correction*, 49 Conn. App. 52, 53, 712 A.2d 978, cert. denied, 247 Conn. 916, 722 A.2d 807 (1998), cert. denied sub nom. *Russell* v. *Armstrong*, 525 U.S. 1161, 119 S. Ct. 1073, 143 L. Ed. 2d 76 (1999).

In the present case, the petitioner has prevailed under the first prong of *Strickland*—deficient performance—but did not prevail under the second prong—prejudice. The court found that based on the petitioner's damaged credibility and the overall strength of the state's case, it was unlikely that the outcome of the criminal trial would have been different.[2]

---

[2] The court in its memorandum of decision noted that the petitioner made "outlandish accusations" against the police, claiming that a police officer had planted blood on the knife used to stab Little and that there was a massive conspiracy to frame the petitioner.

After a thorough review of the record and briefs in this habeas action, we conclude that the petitioner has failed to make a substantial showing that a reasonable probability existed that, but for counsel's ineffective representation, the outcome would have been different. Therefore, we conclude that the court properly found that the petitioner was not prejudiced by the ineffective assistance of counsel. Further, as the petitioner has failed to sustain his burden of showing prejudice, he has also failed to show that the resolution of the underlying claim involves issues that are debatable among jurists of reason, that a court could resolve the issues differently or that the questions are adequate to deserve encouragement to proceed further. Accordingly, we conclude that the court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.