**OMAR JAMIL SUAREZ, Petitioner**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, VINCENT FRAZER,**
**Attorney General of the Virgin Islands, ROSALDO HOSFORD,**
**Warden, Golden Grove Adult Correctional Facility, Respondents**

Case No. ST-07-MC-033

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

September 30, 2010

98

DAVID J. CATTIE, ESQ., Ogletree Deakins Nash Smoak & Stewart, LLC, St. Thomas, USVI, *Attorney for Petitioner.*

RICHARD S. DAVIS, Assistant Attorney General, Department of Justice, St. Thomas, USVI, *Attorney for Respondents.*

CHRISTIAN, *Judge*

## MEMORANDUM OPINION

(September 30, 2010)

Pending before this Court is the "Motion for Certificate of Probable Cause" filed by Petitioner Omar Jamil Suarez ("Petitioner" or "Mr. Suarez"). By said motion, Petitioner seeks a Certificate of Probable Cause from this Court so that he may pursue his appeal of this Court's denial of his previously-filed petition for a writ of habeas corpus. The People of the Virgin Islands (the "People" or "Respondents") oppose this motion. For the reasons set forth below, Petitioner's motion will be denied.

### I. Procedural background

On August 12, 2002, Petitioner was arrested by the Virgin Islands Police Department ("VIPD") upon the VIPD's determination that he had sexually assaulted a female minor, to wit, A.B. In the resulting Information filed by the People[1], Mr. Suarez was charged with one count of aggravated rape in the first degree and one count of rape in the first degree. Specifically, Petitioner was accused of forcing his penis into the

---

[1] At the time the Information was filed, criminal prosecutions were brought in the name of the Government of the Virgin Islands. This process was changed in 2005 when Title 3, Chapter 8, § 114(a)(3) was amended to require that such cases be prosecuted in the name of the People of the Virgin Islands. Act. No. 6730, § 35, 2005 V.I. SESS. LAWS 109. Therefore, the Court will refer to the prosecution as either the People or Respondents.

mouth of the minor female. The case was tried in this Court[2] from May 27 through 29, 2003. At the conclusion of the case, a duly empanelled jury returned verdicts of guilty on both charges against Mr. Suarez. On March 26, 2004, Petitioner was sentenced to twenty five (25) years incarceration, with ten (10) years suspended for the aggravated rape charge, and to ten (10) years incarceration on the charge of first degree rape. The Court directed that the sentences were to run concurrently.

Mr. Suarez appealed his conviction and sentence to the Appellate Division of the District Court of the Virgin Islands ("Appellate Division") on March 29, 2004. *See, Suarez v. Gov't of the Virgin Islands*, 48 V.I. 492 (D.V.I. App. Div. 2006). He raised three arguments in support of his appeal, to wit: 1) ineffective assistance of counsel at his trial in violation of his rights under the Sixth Amendment to the United States Constitution; 2) the evidence was insufficient to support the verdicts of guilty on both charges; and 3) he was denied a fair trial based on erroneous evidentiary decisions of the trial court. In upholding the convictions, the Appellate Division specifically declined to address Mr. Suarez's claims of ineffective assistance of counsel. He then appealed the decision of the Appellate Division to the United States Court of Appeals for the Third Circuit ("Third Circuit"). *See, Gov't of the Virgin Islands v. Suarez*, 242 F. Appx. 845 (3rd Cir. 2007). The Third Circuit reversed Petitioner's conviction for first degree rape, but upheld the conviction for aggravated rape. Like the Appellate Division, the Third Circuit specifically rejected Mr. Suarez's plea to hear his claim of ineffective assistance of counsel on the direct appeal, without prejudice to his right to raise the issue via a collateral attack.

Following the invitations of the Appellate Division and the Third Circuit, Mr. Suarez filed a petition for a writ of habeas corpus in this Court on November 20, 2007, along with a brief in support of his request. Mr. Suarez based his habeas corpus petition on ineffective assistance of his trial counsel, specifically asserting three points: 1) the failure to object to the qualifications of, and testimony by, the People's expert witness, Dr. Mclinda Astran; 2) the failure to investigate and/or call to the stand certain witnesses; and 3) the failure to object to certain testimony elicited, and arguments made, by the Government at trial. By Order dated

---

[2] At the time of the trial, this Court was known as the Territorial Court of the Virgin Islands.

September 29, 2009, this Court denied Mr. Suarez's petition. The Court determined that Mr. Suarez's trial counsel's failure to object to Dr. Astran's qualification as an expert witness and her testimony fell below ". . . the objective standard for reasonableness which is guaranteed by the Sixth Amendment."[3] This Court also found that trial counsel's failure to object to certain questions and arguments made by the People regarding Petitioner's reticence to allow his minor daughter, S.S., who was present during the alleged assault, to be interviewed by law enforcement officials to be deficient assistance of counsel.[4] The Court decided that the remaining issue raised by Petitioner did not fall below the reasonableness standard applicable to attorneys under the Sixth Amendment.[5] The Court also determined that trial counsel's failures to object to Dr. Astran's qualifications and testimony and to the questions and arguments regarding the questioning of his daughter were cured through Mr. Suarez's counsel's cross-examination and closing arguments.[6]

On October 7, 2009, Mr. Suarez filed a notice of appeal, thereby invoking the jurisdiction of the Supreme Court of the Virgin Islands to review the September 29, 2009 Order of this Court. On October 27, 2009, the Supreme Court ordered Petitioner to seek a certificate of probable cause from this Court in accordance with V.I.S.Ct.R. 14(b).[7] Petitioner has filed such a request, which the Government opposes. Petitioner also filed a reply to the Government's opposition papers. By Order dated September 16, 2010, the Supreme Court ordered this Court to provide an update on the status of this matter.

## II. Legal argument.

### a. Standard for issuance of a Certificate of Probable Cause.

■ As both parties acknowledge, there is no published Virgin Islands precedent which provides guidance for the issuance of a Certificate of

---

[3] Order of September 29, 2009 at p. 11.

[4] Order of September 29, 2009 at pp. 14-15.

[5] Order of September 29, 2009 at pp. 12-13.

[6] Order of September 29, 2009 at p. 17.

[7] This rule provides, in part, "An appeal by the applicant from the order of the Superior Court denying the writ of habeas corpus may not proceed unless the adjudicating judge of the Superior Court issues a certificate of probable cause."

Probable Cause ("CPC") in connection with the appeal of a denial of a writ of habeas corpus under local law. Neither the local statutes governing habeas corpus proceedings, V.I. CODE ANN. tit. 5, §§ 1301-1325, nor those controlling appeals, V.I. CODE ANN. tit. 4, § 33, contain any reference to a CPC. The Rules of the Superior Court do not have any explicit rules governing habeas corpus proceedings, nor do they adopt the federal rules governing habeas proceedings. Moreover, V.I.S.CT.R. 14(b), while requiring a CPC, does not contain any guidelines for the issuance of the same. However, the language of Supreme Court Rule 14(b) appears to be patterned after FED. R. APP. P. 22(b), which provides the prerequisites for implementing appeals of denials of habeas corpus petitions under 28 U.S.C. §§ 2254, 2255. *See*, 28 U.S.C. § 2253. It has been determined that Virgin Islands courts may not wholesale adopt federal substantive law via court rules. *See, Gov't of the Virgin Islands v. Durant*, 49 V.I. 366, 375 (V.I. 2008). However, the CPC issued pursuant to FED. R. APP. P. 22(b) and 28 U.S.C. § 2253 has been held to be a procedural tool for perfecting appeals from denials of habeas corpus petitions. *E.g., Tompkins v. Moore*, 193 F.3d 1327, 1330 (11th Cir. 1999) (". . . a certificate of probable cause under pre-AEDPA law . . . was the proper procedural route for permission to appeal."); *Blango v. Thornburgh*, 942 F.2d 1487, 1488 n. 1 (10th Cir. 1991) ("The certificate of probable cause is a procedural prerequisite for appeal of an order denying a petition for habeas corpus. . .").

■ This Court recognizes that the rules of procedure of courts generally are construed in accordance with canons of statutory construction. *E.g., Samsung Elecs. Co., Ltd. v. Rambus, Inc.*, 440 F. Supp. 2d 495, 506 (E.D. Va. 2006) ("the Federal Rules of Civil Procedure have the force and effect of law, and the Supreme Court has made clear that district courts are bound by the canons of statutory construction in interpreting them."); *Roberts v. Richardson*, 137 N.M. 226, 109 P.3d 765, 766 (2005) ("Rules of statutory construction are applied when construing rules of procedure adopted by the Supreme Court"). Among the rules of statutory construction in the Virgin Islands is the principle that ". . . where a Virgin Islands statute is patterned after a statute from another jurisdiction, the borrowed statute shall be construed to mean what the highest court from the borrowed statute's jurisdiction, *prior* to the Virgin Islands enactment, construed the statute to mean." *Virgin Islands Gov't Hosps. and Health Facilities Corp. v. Gov't of the Virgin Islands*, 47 V.I.

430, 442 (Super. Ct. 2006). Applying this canon of construction to Supreme Court Rule 14(b), the Court will take guidance from federal cases discussing the issuance of a CPC pursuant to the prior versions of Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253.

 In order to obtain a CPC under the applicable federal statutes and procedural rules, a petitioner must first make a "substantial showing" that he has been deprived of a federal right.[8] *See, Lozada v. Deeds*, 498 U.S. 430, 431, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991) (citing *Barefoot v. Estelle*, 463 U.S. 880, 892-893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)). Thereafter, Mr. Suarez also must show that ". . . the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.' " *Id.* at 432. This Court concludes that while he has demonstrated the deprivation of a federal right, there is no debatable question which would lead reasonable jurists to resolve this matter in a different fashion.

### b. Mr. Suarez does not meet both prongs of the *Barefoot v. Estelle* standard.

 As noted above, Mr. Suarez contends that he was deprived of effective assistance of counsel in violation of his Sixth Amendment rights.[9] When a petitioner argues that his Sixth Amendment right to counsel was denied due to the ineffective assistance of his trial counsel, he must establish that his counsel's performance "fell below an objective

---

[8] Pursuant to Congress' enactment of the Antiterrorism and Effective Death Penalty Act in 1996, the certificate of appealability ("COA") was substituted for the CPC and the term "constitutional right" for "federal right" in the applicable statutes and rules. The difference between the CPC and the COA is that "Unlike a CPC, which allows a party to appeal an entire petition, a COA is granted on an issue-by-issue basis. A petitioner specifically must request a COA as to each issue that he or she wishes to appeal, and a court may not consider on appeal any issue not specified in a COA." *Morris v. Woodford*, 229 F.3d 775, 779 (9th Cir. 2000), *superseded on other grounds*, 273 F.3d 826 (9th Cir. 2001). Applying Supreme Court Rule 14(b) according to its plain language, this Court is to issue or deny a CPC based on whether Petitioner was deprived of a "federal right".

[9] The Sixth Amendment to the United States Constitution applies to the Virgin Islands pursuant to Section 3 of the Revised Organic Act of the Virgin Islands of 1954, as amended. *Murrell v. People of the Virgin Islands*, S.Ct. Crim. No. 2009-0064, 2010 V.I. Supreme LEXIS 27 (V.I. filed Sept. 13, 2010).

standard of reasonableness," **and** "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *See also, Ibrahim v. Gov't of the Virgin Islands*, S.Ct. Civ. No. 2007-76, 2008 V.I. Supreme LEXIS 20, *5 (V.I. Jan. 16, 2008) (citing *Strickland*). There is a "strong presumption" that counsel's performance was reasonable, and therefore, a petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001). Further, 'reasonable probability' is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 688.

■ "The first prong of the *Strickland* test is satisfied when the petitioner can prove that his trial counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment." *Wright v. Comm'r of Corr.*, 111 Conn. App. 179, 958 A.2d 225, 228 (2008), *cert. denied*, 290 Conn. 904, 962 A.2d 796 (2009). In its Order denying Mr. Suarez's petition, this Court concluded that "Defense Counsel's performance certainly fell below an objective standard of reasonableness by allowing Dr. Astran to testify affirmatively to the ultimate issue to be decided by the jury, to wit, that A.B. was raped."[10] In addition to the Court's conclusion that defense counsel was ineffective when he did not object to Dr. Astran conclusion that A.B. was assaulted or raped, the Court also held that "Defense Counsel was deficient for failing to object to the presumptively prejudicial line of questioning and the statements made by the People concerning Petitioner and his fiancée's refusal to allow their daughter to be interviewed because they had something to hide."[11] Neither party has requested that the undersigned revisit these conclusions. In light of this Court's determination that Petitioner was deprived of effective assistance of counsel, in two ways, this Court is satisfied that he has made a substantial showing that he was deprived of a federal right.

■ However, this Court also concludes that Mr. Suarez has not demonstrated that it is reasonably debatable among jurists that the result

---

[10] Order of September 29, 2009 at p. 12.

[11] Order of September 29, 2009 at p. 15.

of Petitioner's trial would have been different had Dr. Astran's testimony had been objected to and stricken from the record. On direct appeal, Petitioner's conviction on the charge of aggravated rape was upheld by both the Appellate Division and the Third Circuit. Notably, the issue of Dr. Astran's testimony was not discussed at all in either appeal. Rather, the basis on which both appellate tribunals sustained said conviction was that the testimony of the minor-victim A.B. provided sufficient evidence for the result by itself. *See, Suarez v. Gov't of the Virgin Islands*, 48 V.I. at 497-498; *Gov't of the Virgin Islands v. Suarez*, 242 F. Appx. at 849-850. Thus, even if Dr. Astran had not been permitted to testify at all, the result for which Petitioner now argues, not one, but two, appellate tribunals already have held that the record contained sufficient evidence to sustain the conviction. Mr. Suarez has not presented any basis on which reasonable jurists would differ on this point.

The other aspect which this Court previously determined to constitute ineffective assistance of counsel was the failure to object to the questioning of Mr. Suarez and his girlfriend, Susie Berry, about their refusal to allow their minor daughter, who was present in the room with the victim and Petitioner at the time of the incident, to be quickly interviewed by law enforcement officials. In reviewing this argument, the Court reiterates that there is a "strong presumption" that counsel's performance was reasonable, and the petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Jermyn v. Horn*, 266 F.3d at 282 (3d Cir. 2001).

■■ A review of the portions of the trial transcripts submitted to the Court indicates that, in response to the prosecution's questions, both Petitioner and Ms. Berry stated that they did not object to their minor daughter being interviewed, but wanted to be present for the interview because she was four years old at the time.[12] Such responses would not necessarily prejudice Mr. Suarez in the eyes of the jury. While Virgin Islands statutes do not provide parents with an absolute right to be present for the taking of a statement of a minor who is not in custody by law enforcement personnel, *see, Gov't of the Virgin Islands v. George*, 47 V.I. 46, 54-55 (Terr. Ct. 2004), this certainly is an understandable concern of

---

[12] Trial Transcript submitted with Petitioner's Brief in Support of Writ of Habeas Corpus, at pages 476-478, and 531-535 (as stamped in the bottom right corner of transcript page).

any parent and that testimony could be viewed by a jury in favor of Mr. Suarez. The jury was free to believe either the stated reasons of Mr. Suarez and Ms. Berry, or the inferences submitted by the Government, based on the delay in the interview, that their reticence was for other purposes. In this vein, the Court notes that, contrary to Petitioner's assertions, a delay in presenting the minor S.S. for an interview is not necessarily irrelevant evidence. Rather, delaying or preventing her availability for an interview in connection with a criminal investigation may be relevant to the issue of the consciousness of guilt of Petitioner.[13] *E.g.*, *United States v. Haas*, 52 F.3d 322 (4th Cir. 1995) (unpublished table decision) ("Evidence that a defendant has acted to silence potential witnesses to a crime is relevant to show consciousness of guilt."). In light of the types of questions asked and the responses thereto, this Court determines that it is not reasonably debatable that Mr. Suarez has overcome the strong presumption that counsel's failure to object to this line of questioning was trial strategy under the circumstances of the case. Therefore, the Court concludes that Petitioner is not entitled to a CPC.

## II. Conclusion

The Court does not condone the failure of Mr. Suarez's trial counsel to timely object to Dr. Astran's qualifications and testimony, but must give due deference to what appears to be his trial strategy regarding the questions vis-à-vis the delay in his daughter's interview during the investigation. It is Petitioner's burden to establish his entitlement to a certificate of probable cause, and he has not met the proper threshold in this matter. Therefore, an appropriate order of even date denying his Motion for Certificate of Probable Cause will be issued.

---

[13] While a cautionary jury instruction would be appropriate on evidence of consciousness of guilt, neither party submitted a copy of the jury instructions given at trial with their submissions in this case. Therefore, the Court is unable to determine whether such an instruction actually was given. Because Petitioner bears the burden of proof both in seeking both the writ of habeas corpus and the CPC, the failure to provide this information must fall at his feet.