Roth v. Stein.

---

BENJAMIN ROTH ET AL. vs. IDA STEIN ET AL.

First Judicial District, Hartford, March Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and BANKS, Js.

The plaintiffs sold certain property on Windsor Street in Hartford to the defendants who, in part payment therefor, executed a purchase-money third mortgage to the plaintiffs, and also assigned to them a mortgage on other property, made by one Greenberg. To secure

Roth *v*. Stein.

the Greenberg mortgage, the defendant also executed to the plaintiffs a fourth mortgage (called the security-mortgage) upon the Windsor Street property, conditioned upon the payment of the Greenberg note. By its terms, the security-mortgage was to remain in effect for a period of five years unless the defendant, within six months, constructed a store on the Windsor Street property, a condition which she failed to perform. Thereafter the interest due upon the Greenberg note was not paid, and the plaintiffs sought to foreclose the security-mortgage, obtained judgment therefor, and the defendant appealed. *Held:*—

1. That the intent of the transaction was plainly to afford greater security to the plaintiffs for the payment of the Greenberg mortgage note, a result which could be attained by enhancing the value of the Windsor Street property by the erection of a store thereon and the reduction of the second mortgage indebtedness, in which event the security-mortgage would become void; but that inasmuch as no store was built, the mortgage continued in full force and became foreclosable when default was made in the payment of interest upon the Greenberg mortgage note.

2. That there was no basis at all for the defendant's contention that the security-mortgage was not subject to foreclosure until after five years,—a conclusion not only opposed to the terms and intent of the condition, but one which would make it inefficacious and mere surplusage.

3. That the guaranty in the security-mortgage running to the plaintiffs was assignable; and that in any event the transfer of the Greenberg mortgage-note, which it was the purpose and intent of the security-mortgage to make good, would have carried along with it, in equity, the full benefit of the mortgage-security.

4. That no attempt was being made in the present action to impose a personal liability upon the defendant for the nonpayment of the Greenberg mortgage note, and therefore questions touching want of notice of dishonor or protest of that note were irrelevant.

5. That the finding of the trial court to the effect that a certain building ordinance did not prevent the defendant from seasonably building the contemplated store, afforded the appellant no ground for claiming any error of law.

6. That the erection of the store had nothing to do with the foreclosable character of the security-mortgage on the Windsor Street property, that being dependent solely upon whether the Greenberg mortgage note was promptly paid or not; and therefore the plaintiffs' acceptance of payments made by the defendant on the third or purchase-money mortgage which they held, after the expiration of the six months within which the store was to be erected, was not a ground or basis for claiming that they were thereby estopped from seeking a foreclosure of the security-mortgage.

7. That the refusal of the trial court to reform the condition of the se-

curity-mortgage was obviously correct, inasmuch as it was found, and upon sufficient evidence, to have been procured without fraud, mistake or misrepresentation.

Argued March 6th—decided May 8th, 1924.

SUIT to foreclose a mortgage given as security, and for possession of the mortgaged premises, brought to and tried by the Superior Court in Hartford County, *Webb, J.;* facts found and judgment rendered for the plaintiffs, and appeal by the defendant Ida Stein. *No error.*

The parties were at issue upon the complaint, claiming a foreclosure of a mortgage upon land in Hartford, and the answer thereto, and upon a cross-complaint claiming a reformation of that mortgage and an injunction restraining its foreclosure.

The trial court found that on January 13th, 1921, Solomon Greenberg made his note and mortgage for $4,000 to Meyer Stein, covering property known as Nos. 21, 23 Canton Street in Hartford. The note was payable in semiannual instalments of $150 for four years, and then in semiannual instalments of $200 until paid, and provided that "if the interest or principal on this note or the interest or principal on the previous mortgage or the insurance, taxes or municipal assessments are not paid thirty days from the time each or any of the items are due and payable shall render any unpaid balance due at the time of said default due and payable forthwith without notice or demand at the option of the owner or holder thereof." This note had been reduced by instalments to $3,700 and the payment which became due on July 13th, 1922, was not made.

On January 21st, 1921, the plaintiffs contracted in writing to sell certain property at Windsor and Portland streets in Hartford to Meyer Stein, and on January 28th, 1921, deeded the same to him. The same day

Meyer Stein, as part consideration for the purchase of the Windsor Street property, assigned the Canton Street mortgage to the plaintiffs in accordance with the terms of their contract of sale. On the same day, as part consideration for the purchase of the Windsor Street property, Stein gave a mortgage on the same to the plaintiffs for the sum of $7,060, and also on the same day, as part consideration for the purchase of the Windsor Street property, Stein gave a mortgage on the same to the plaintiffs to secure the Canton Street mortgage before mentioned, which is called the security mortgage.

The security mortgage contained the following condition: "The condition of this deed is such that whereas the said Meyer Stein has this day endorsed to the grantees herein a certain mortgage note dated January 13, 1921, in the sum of Four Thousand Dollars which said note is secured by a mortgage on premises known as Nos. 21, 23 Canton Street, Hartford, and

"Whereas the said Meyer Stein has this day purchased of the grantees herein the premises herein described; Now therefore in the event the said Meyer Stein shall build a certain store contemplated to be known as No. Windsor Street to be part of the premises herein described which must be completed within a period of six months from the date hereof, and further if the said Stein shall well and truly pay to Esther Malley the sum of Four Hundred Dollars together with interest [which] shall become due on the second mortgage on said premises herein described, on or before July 31, 1921, then this deed shall be void, otherwise to be and remain in full force and effect for a period of five years from date hereof for the purpose of securing the grantees herein on the payments which they are to receive upon said above described Canton Street mortgage note. Now therefore, if said note shall be well and

truly paid according to its tenor, then this deed shall be void, otherwise to be and remain in full force and effect."

The sum of $400 and interest which became due on the second mortgage to Esther Malley was paid. The store contemplated on Windsor Street was not completed within six months, nor did Meyer Stein or the defendant Ida Stein make application for a permit to build before August, 1922, and no store was ever built. The Canton Street note was not paid according to its tenor, and the payment which became due on July 13th, 1922, was not made. On February 16th, 1921, William Katz assigned his one-half interest in the Canton Street mortgage and note to Harry Roth, the father of the plaintiff Benjamin Roth. On March 7th, 1921, Benjamin Roth assigned his one-half interest in the Canton Street mortgage and note to Harry Roth. On September 11th, 1922, Louis Goldfield and Max Goldfield brought an action against one Rose Griener, owner of the Canton Street property, and also against Harry Roth, then holder of the Canton Street mortgage, and subsequently foreclosed the Canton Street premises. Neither Meyer Stein nor the defendant were parties to this foreclosure action. There was no equity in the Canton Street property for any incumbrancer subsequent to Louis and Max Goldfield.

The plaintiffs notified the defendant Ida Stein of this foreclosure and tried to make some settlement with her concerning this mortgage. On November 21st, 1922, Harry Roth, for valuable consideration, assigned the Canton Street mortgage and note to the plaintiffs. Ida Stein is the wife of Meyer Stein. Meyer Stein and defendant Ida Stein could have built the store on the Windsor Street property if they had been diligent in obtaining a permit. Neither William Katz nor Benjamin Roth, the plaintiffs in this action, promised not to foreclose this mortgage if Ida Stein made the pay-

ments which she alleges she did. At the time of the alleged promise by William Katz not to foreclose, the defendant Ida Stein did not know that this security mortgage was on the property.

There was no consideration for any alleged promise not to foreclose. The Canton Street mortgage note was never protested for nonpayment, and no demand for payment thereof was ever made by the plaintiffs upon Meyer Stein or the defendants, other than the bringing of this action. In March, 1921, Meyer Stein conveyed the Windsor Street property to the defendant Ida Stein. Between March 1st, 1921, and July 28th, 1922, the defendant Ida Stein expended a considerable amount of money in back taxes and repairs upon the Windsor Street property.

At all times during the transactions between the parties the building ordinance of the City of Hartford, relating to buildings, was in force, which is an exhibit in this case. The plaintiffs accepted payment from the defendant Ida Stein on the prior mortgage on said property held by them, after the expiration of the period of six months within which a store was to be erected under the condition expressed in the security mortgage. The defendant Ida Stein also paid, with the knowledge of the plaintiffs, accruing charges on said property to a very considerable amount after July 28th, 1922, the date of the expiration of the six months' period within which the store was to be erected. In August, 1922, the plaintiffs instituted a suit against the defendants to foreclose their prior mortgage of $7,060, upon the Windsor Street property, which action is still pending. The execution of the security mortgage was not procured through fraud, mistake or misrepresentation which justified its reformation. The memorandum of decision of the court at the conclusion of the trial is made a part of the finding.

The following conclusions were reached by the court: 1. That the condition to build the store within the period of six months had been [b]reached. 2. That the mortgage in suit be not reformed. 3. That the sum of $3,700, with interest from January 13th, 1922, was due the plaintiffs on the Canton Street mortgage originally for $4,000. 4. That the plaintiffs were entitled to a judgment of foreclosure of the mortgage in suit.

Further facts appear in the opinion.

*Louis Y. Gaberman* and *Louis H. Katz,* for the appellant (defendant Ida Stein).

*Morris G. Cohen,* with whom, on the brief, was *Morris Older* and *George J. Older,* for the appellees (plaintiffs).

KEELER, J. Upon the foregoing facts the defendant assigned as error the following: (1) in holding that the security mortgage was foreclosable because of anything that happened in or about the Canton Street mortgage; (2) in holding that the security mortgage was foreclosable within a period of five years; (3) in holding that the guarantee contained in the security mortgage was assignable; (4) in not holding that any damage that accrued was only to Harry Roth and not to the plaintiffs; (5) in not holding that the defendant was not liable for any damage to Harry Roth on account of the Canton Street mortgage; (6) in holding that any liability because of the nonpayment of the Canton Street mortgage attached to defendant in the absence of notice of dishonor or protest of the note; (7) in holding that the existence of said ordinance did not excuse the building of the store; (8) in holding that the acceptance of payment on the prior mortgage held by the plaintiffs, after the period of six months during which the store was agreed to be built, did not estop plaintiffs from claiming

any alleged breach of such agreement; (9) in not reforming the security mortgage according to the claim of defendant.

As regards the first reason of appeal, it appears from the condition in the Windsor Street mortgage—the security mortgage—that it was given for the purpose of securing the payment of the note secured by mortgage from Greenberg to Meyer Stein, which latter had been assigned by Stein to Benjamin Roth and William Katz, the plaintiffs, had been assigned by them to Harry Roth, and then again reassigned by the latter back to the plaintiffs. The original mortgage had been assigned and then, for further security, the mortgage sought to be foreclosed was given. The plaintiffs then had two items of security: the mortgage on the Canton Street property by absolute assignment, and a further security of the Greenberg mortgage note by the Windsor Street mortgage, the security mortgage. The condition of this last mortgage is twofold: providing in the usual way that the deed should become void in case the Canton Street mortgage note was paid according to its tenor, and also that it should become void in case the building spoken of should be erected in six months and the payment of $400 and interest be made to Esther Malley at the time stated in the condition, but if these two latter results did not occur, then the security mortgage should remain in full force for five years to secure the mortgagees for "the payments which they are to receive upon said above described Canton Street mortgage note."

The intent of the instrument and of the transaction is plain. The plaintiffs evidently desired security beyond that afforded by the assignment of the Canton Street mortgage, so they overlapped the security of the note thereby secured upon the Windsor Street property; but if the payment aforesaid was made to Esther Malley (and it was in fact made) and a house erected, then the

equity in the Windsor Street property would be so enhanced that the additional security obtained by the mortgage would be less needed, and the security mortgage would terminate. Failing the erection of the building, the mortgage was to stand for five years as furnishing security for the Greenberg note in addition to the mortgage on the Canton Street property.

The building above referred to was not erected, so that after six months plaintiffs had the security of the Windsor Street mortgage for the payment of the Canton Street mortgage note. The principal sum of this note was payable in instalments extending over a period of eleven years from January 13th, 1921. For five years of that period the equity in the Windsor Street property stood as further security for the payment of this note. The interest due on the Greenberg note July 13th, 1922, was not paid, the condition of the security mortgage was therefore broken, as regards its concluding paragraph, and the plaintiffs therefore had the right to foreclose. In September, 1922, Louis Goldfield and Max Goldfield brought an action to foreclose a prior mortgage on the Canton Street property against Rose Greiner, the owner of the equity therein, and Harry Roth, the then owner of the security mortgage, and afterward obtained judgment of foreclosure. There was no equity in this property for any incumbrancer after the Goldfields. The reason of appeal in using the words "anything that happened in or about the Canton Street" property, is confusing and ambiguous, but we have treated the point sought to be made, as the same was discussed in the briefs and arguments of the parties. Strictly speaking, it was not something concerning the Canton Street property that made the security mortgage foreclosable, but the fact that default in payment of interest had been made on the Greenberg note, payment of which the security-mortgage secured.

In her second reason of appeal the defendant Ida Stein contends that in no event was the security mortgage foreclosable for a period of five years. The provision for the security-mortgage to remain as a lien on the Windsor Street property was evidently one for the benefit of the mortgagor to the extent that at the end of that period it would be no longer an incumbrance and the property would be freed therefrom. But the fact that it was given to secure "the grantees herein on the payments they are to receive upon said above described Canton Street mortgage note," clearly indicates that the remedy of foreclosure was available in case such payments were not made. To hold that it was intended, by the words above quoted, that the plaintiffs for a period of five years were to stand by and see repeated defaults in payments of interest and instalments upon a note that had eleven years from date to run, without a remedy, is plainly opposed to the language and intent of the condition, and would make it inefficacious and mere surplusage.

In the third reason of appeal it is claimed that the guaranty in the security-mortgage ran to plaintiffs only and was not assignable, and in the fourth reason, that any damage accruing accrued only to Harry Roth and not to the plaintiffs. These reasons raise practically the same question: the assignability of the security-mortgage, and its effect upon all of the securities attached to the Greenberg note. In the first place the Greenberg note and mortgage, as found by the court, was assigned to the plaintiffs, and was also endorsed by Meyer Stein to the plaintiffs and further secured by mortgage on the Windsor Street property. The assignment by the plaintiffs of the note and the Canton Street mortgage to Harry Roth, and the subsequent reassignment by Roth to the plaintiffs clearly carried along both the note and the security. But in any event the transfer of the

note would have carried with it the full benefit of the security. *Pettus* v. *Gault*, 81 Conn. 415, 422, 71 Atl. 509; *Waterbury Trust Co.* v. *Weisman*, 94 Conn. 210, 218, 108 Atl. 550. In such a case in equity regard is to be had to the whole transaction and its purpose. *Bulkley* v. *Chapman*, 9 Conn. 5, 9. In viewing the transaction generally from an equitable point of view, it is not to be forgotten that, by reassignment, the security mortgage became again vested in the plaintiffs, to whom it had originally been made.

The fourth reason of appeal contends that the damage accruing from the default in payment upon the Greenberg note and mortgage to Harry Roth, who held it and the security mortgage at the time of the Goldfield foreclosure upon the Canton Street property, cannot be imposed as a liability upon Ida Stein. No attempt is made in the present action to enforce such a liability, the action is brought merely to foreclose her equity of redemption in the Windsor Street property, by reason of a breach of the conditions of the security mortgage.

The sixth reason of appeal claims that since no notice of dishonor or protest of the Greenberg note was given to Ida Stein, she was released from liability. It is sufficient to say that no personal liability is sought to be imposed in this action. She was not an endorser upon the note, but had she been an endorser the only effect of want of notice or of protest would have been to relieve her of personal liability.

The seventh reason of appeal claims error in that the court erred in holding that the existence of the building ordinance of the city did not excuse defendant from building the store. This reason of appeal is futile, in that the court held as a matter of fact that the ordinance did not prevent the erection of the building.

The eighth reason of appeal insists that the court erred in not finding that the plaintiffs were estopped from

Roth *v.* Stein.

claiming a foreclosure of the security mortgage, due to their acceptance of payments upon the prior mortgage after the time for building the store had expired. As we have observed, the part of the condition relating to the erection of the building is for the benefit of Stein. If he built the store the security-mortgage immediately became void, if not, it continued in force for five years. Nonperformance in this matter did not render the mortgage foreclosable, and it was optional with him whether or not he built the store. Payments by him, or by his grantee Ida Stein, on a prior mortgage which it was a duty to make, can have no effect upon the validity of the security-mortgage, which latter became foreclosable not on account of anything connected with the proposed building, but on account of the nonpayment of interest on the Greenberg or Canton Street mortgage note. The breach, as the trial judge terms it, of the condition as to building, merely places the mortgage on the footing of a continuing guaranty of the Greenberg mortgage for a period of five years.

The ninth reason of appeal relates to the refusal of the trial court to reform the condition of the security mortgage. This matter is set at rest by the finding of the trial court, that this mortgage and its wording was not procured through fraud, mistake or misrepresentation which justified its reformation. There is nothing in any subordinate facts found to invalidate this ultimate conclusion. It may also be inferred, from what has been before said in the opinion, that this condition required no reformation. While not a masterpiece of conveyancing, it is entirely intelligible taken in connection with the rest of the record.

There is no error.

In this opinion the other judges concurred.