GASTAUER, APPELLANT, *v.* TAXICABS OF CINCINNATI, INC., APPELLEE.

(No. 8226—Decided March 18, 1957.)

*Mr. Robert R. Lavercombe* and *Mr. Rodney S. Bryson,* for appellant.

*Mr. Milton M. Bloom,* for appellee.

*Per Curiam.* The plaintiff was a passenger in one of the defendant's taxicabs which was proceeding from Fourth and Walnut Streets out Reading Road when, as she alleges, the taxicab stopped suddenly, and, as a consequence, she was thrown

against the back of the front seat and to the floor, thereby causing certain physical injuries.

The plaintiff was the only witness who testified in relation to her conduct and the conduct of the driver at and preceding the time of this occurrence. For that reason, and because under the law a litigant—plaintiff or defendant—is bound by his or her statement in the pleadings, or on the witness stand, the plaintiff is bound by her testimony. *Winkler* v. *City of Columbus*, 149 Ohio St., 39, at 41, 77 N. E. (2d), 461.

On direct examination, the plaintiff said: "And when we got in the vicinity of around Taft Road—he was trailing another car too close and when the other car in front of him stopped why he had to stop suddenly, and, of course, I was thrown on the floor." Later, she was asked: "Did the taxicab come to a complete stop?" Her answer was "Yes." There was no contact of the two automobiles.

There was no clarification of the meaning of the word "suddenly" at any place in the record.

It will be observed that while plaintiff stated her conclusion that the taxicab was traveling too close to the automobile in front of it, she gives no data, such as distance between the two automobiles, and, by her later testimony that the taxicab came to a complete stop without touching the automobile in front, disproves her prior conclusion that he was too close to the automobile in front.

This was the state of the record when the plaintiff rested. Thereupon, the defendant moved for an instructed verdict, which the court granted, later entering judgment upon the granting of that motion.

It appears that as the taxicab proceeded out Reading Road, the plaintiff and the driver engaged in conversation, and, as she was seated on the back seat behind the driver, he would turn partially toward her in the course of the conversation. It is not clear that the conversation was in progress at the exact time the alleged injury to the plaintiff took place.

The defendant alleged this conduct as constituting contributory negligence, and the trial court dwelt principally on this issue in sustaining the motion for an instructed verdict. We are not convinced that it can be said as a matter of law that

a passenger who engages the operator of a vehicle of a common carrier in conversation, while they are proceeding on the journey is guilty of contributory negligence. We are of the opinion that whether it is negligence as a matter of fact is dependent upon the surrounding circumstances and presents an issue to be resolved by the trier of the facts.

We have found two cases that bear on this subject. The first is *Kirby* v. *Keating,* 271 Mass., 390, 171 N. E., 671. We quote the entire syllabus:

"At the trial of an action of tort for personal injuries sustained by a woman while riding at night as a guest in an automobile operated by the defendant, there was evidence that, while the automobile was going twenty-five to thirty miles an hour, the plaintiff asked the defendant what time it was, not knowing that he wore a wrist watch; that the defendant thereupon put his left wrist, upon which he wore the watch, under the steering wheel and under and close to a small light on the dashboard, bent his head down close to the watch and 'seemed to take a long time to look at it'; that while he was looking at the watch and not at the road, the automobile, which had been on the right side thereof, got over to the left side; that he 'looked up quick and he gave the wheel a jerk' as though he found himself off the road and tried to get back on again; and that the next thing the plaintiff knew the automobile struck a tree; that there was no other traffic; that the weather was clear and the road dry; that the plaintiff did not notice that the automobile swerved over to the left side of the road; and that its speed had not lessened previous to striking the tree. *Held*, that

"(1) A finding was warranted that the defendant was guilty of gross negligence;

"(2) The plaintiff's request for the time in the circumstances was not evidence of negligence on her part;

"(3) It could not properly have been ruled as a matter of law that the plaintiff was guilty of contributory negligence."

The other case is *Sweeney* v. *New Orleans Public Service, Inc.* (Louisiana Appeals), 184 So., 740, the fifth paragraph of the headnotes, which we quote, being as follows:

"In automobile guest's action for injuries sustained when automobile collided with bus at intersection, guest was not con-

tributorily negligent in carrying on a conversation with the driver."

While we do not agree with the court on the subject of contributory negligence, we do agree that the ruling sustaining the motion for an instructed verdict was correct.

For the foregoing reasons, the judgment is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.
LONG, J., not participating.