MOUNT VERNON FIRE INSURANCE COMPANY *v.*
JAMES P. MORRIS III ET AL.
(SC 17517)

Borden, Norcott, Katz, Palmer and Zarella, Js.

Argued January 5—officially released March 6, 2007

*Bruce E. Newman*, for the appellant (intervening plaintiff Jane Doe).

*Mark A. Newcity*, with whom, on the brief, was *Robert P. Lattait*, pro hac vice, for the appellee (plaintiff).

PER CURIAM. The plaintiff, Mount Vernon Fire Insurance Company, brought this declaratory judgment action seeking a determination that it is not obligated to defend or to indemnify the defendants, James P. Morris III and Pediatric Day and Night Care, LLC (Pediatric), in an underlying tort action pursuant to a policy of commercial general liability insurance (policy) issued by the plaintiff to the defendants. The trial court granted partial summary judgment in favor of the plaintiff and the Appellate Court affirmed that judgment. *Mount Vernon Fire Ins. Co.* v. *Morris*, 90 Conn. App. 525, 544, 877 A.2d 910 (2005). The intervening plaintiff, Jane Doe (intervenor), who is the plaintiff in the underlying tort action, filed a petition for certification to appeal from the judgment of the Appellate Court, which this court granted, limited to the following issue: "Did the Appellate Court properly affirm the trial court's summary judgment for the plaintiff with respect to the claim of coverage for child molestation by an employee of [Pediatric]?" *Mount Vernon Fire Ins. Co.* v. *Morris*, 276 Conn. 907, 884 A.2d 1027 (2005). We conclude that certification was improvidently granted and dismiss the appeal.

The opinion of the Appellate Court sets forth the following facts and procedural history. "On December 26, 2001, the intervenor, acting on behalf of her minor son, filed the underlying action against the defendants. *Doe* v. *Morris*, Superior Court, judicial district of Waterbury, Docket No. UWY CV02 0168982S (July 18, 2003). She claimed that her son, while enrolled for day care services at Pediatric between August 23, 2000, and January 3, 2001, had been sexually abused by Morris, who is Pediatric's owner and director. The intervenor's complaint included seven counts alleging the following causes of action: sexual assault; battery; false imprisonment; intentional infliction of emotional distress; negligent infliction of emotional distress; violations of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq.; and negligent supervision. Each of these claims had as its factual basis the acts of sexual abuse alleged to have been perpetrated by Morris on the intervenor's son. The intervenor sought compensatory and punitive damages in unspecified amounts, and costs and attorney's fees. On February 4, 2002, the intervenor filed two motions for default in the underlying action due to the defendants' failure to appear. On February 20, 2002, those motions were granted, and the court clerk entered defaults.

"On August 29, 2002, the plaintiff commenced the present declaratory judgment action with a four count complaint. The plaintiff alleged that it had issued a commercial general liability insurance policy to Pediatric as the named insured and to Morris as its owner, which was in effect between September 1, 1999, and November 15, 2000. The plaintiff directed the court to provisions of the policy that the plaintiff claimed precluded coverage as to the intervenor's claims against the defendants, and, in counts one and two, requested that the court declare that the plaintiff had no duty to defend the defendants in the underlying action or to

indemnify them in the event of an adverse judgment. In counts three and four, the plaintiff sought declarations that the policy had been canceled prior to its expiration and that Morris had made material misrepresentations when completing the application for the policy. On December 6, 2002, the intervenor filed a motion to intervene in this action, which the court, *Holzberg, J.*, granted on January 5, 2003.

"On July 18, 2003, the court, *Pittman, J.*, rendered a default judgment in the underlying action. Judge Pittman drafted and signed a judgment file stating, inter alia, that 'the well pleaded allegations of the complaint are taken as proved, and the issue is solely one of damages.' On the basis of the intervenor's testimony and the exhibits submitted, Judge Pittman determined that the intervenor was entitled to recover total damages of $280,910.

"On March 25 and April 19, 2004, respectively, the intervenor and the plaintiff filed motions for summary judgment in the present matter. A hearing was held on both motions on June 14, 2004. On July 1, 2004, *Hon. Joseph T. Gormley, Jr.*, judge trial referee, denied the intervenor's motion and granted the plaintiff's motion as to counts one and two only."[1] *Mount Vernon Fire Ins. Co.* v. *Morris*, supra, 90 Conn. App. 527–29. The intervenor appealed from the judgment of the trial court to the Appellate Court, which affirmed the judgment. Id., 544. This appeal followed.

The intervenor claims on appeal that the Appellate Court improperly determined that Morris was excluded from coverage under the policy's child molestation rider because he was not an employee of Pediatric, but was its owner and director. After examining the entire

[1] "Judge Gormley's order specifically denied the plaintiff's motion for summary judgment as to count four but did not address count three." *Mount Vernon Fire Ins. Co.* v. *Morris*, supra, 90 Conn. App. 529 n.7.

record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.