CHRISTOPHER WILLIAMS *v.* COMMISSIONER OF CORRECTION
(AC 26893)

McLachlan, Lavine and Mihalakos, Js.

---

Argued November 13, 2006—officially released March 20, 2007

*Veronica M. Tomasic*, special public defender, for the appellant (petitioner).

*Mitchell S. Brody*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

McLACHLAN, J. This appeal concerns the distinction between the due diligence prong in a petition for a new trial pursuant to General Statutes § 52-270[1] made on the basis of newly discovered evidence and the performance prong of an ineffective assistance of counsel claim in a petition for a writ of habeas corpus. The petitioner, Christopher Williams, appeals from the judgment of the habeas court denying his petition for a writ

[1] General Statutes § 52-270 (a) provides in relevant part: "The Superior Court may grant a new trial of any action that may come before it [on the basis of] the discovery of new evidence . . . ."

of habeas corpus in which he alleged, inter alia, that his trial counsel provided ineffective assistance.[2] The petitioner claims that the court improperly determined that he failed to sustain his burden of proof of demonstrating that his trial counsel's performance was deficient. The petitioner argues that this determination was improper because in a prior ruling on a petition for a new trial on the underlying conviction, a court analyzed the same trial counsel's investigation and determined that the petitioner had failed to prove that allegedly newly discovered evidence could not have been previously discovered by the exercise of due diligence. We affirm the judgment of the habeas court.

On December 23, 1991, the petitioner was convicted after a jury trial of murder in violation of General Statutes § 53a-54a, attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-59 (a) (1), and criminal possession of a pistol in violation of General Statutes § 53a-217 (a). The conviction was affirmed on appeal. See *State* v. *Williams*, 231 Conn. 235, 645 A.2d 999 (1994).

At trial, the state presented evidence that on September 22, 1990, the petitioner fatally shot Howard White four times at close range. One witness, David Lisbon, previously had identified the petitioner as the shooter in a taped statement given to police about one week after the shooting; however, he recanted this statement at trial, insisting that the petitioner was not the shooter. The earlier, out-of-court identification was admitted into evidence substantively at trial pursuant to *State* v. *Whelan*, 200 Conn. 743, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 598 (1986).[3]

---

[2] The court granted the petition for certification to appeal to this court.

[3] In *Whelan*, our Supreme Court adopted "a rule allowing the substantive use of prior written inconsistent statements, signed by the declarant, who has personal knowledge of the facts stated, when the declarant testifies at trial and is subject to cross-examination." *State* v. *Whelan*, supra, 200 Conn. 753.

After the verdict, but before sentencing, the petitioner's trial counsel presented to the trial court a privately made videotape of a conversation between Lisbon and another individual, in which Lisbon contradicted his statement given to the police shortly after the shooting. In the video, Lisbon stated that the petitioner was not the shooter and claimed that the police had bribed him and that he had felt threatened. Lisbon also appeared to be using crack cocaine.

On October 6, 1992, pursuant to § 52-270 and Practice Book § 904 (now § 42-55),[4] the petitioner filed a substitute petition for a new trial, alleging that he was entitled to a new trial on the basis of the newly discovered evidence in the videotape.[5] After a hearing, the court issued a memorandum of decision on December 23, 1997, rendering judgment denying the petition. As set forth in the memorandum, the petitioner's trial counsel testified that although she prepared an investigation request asking her investigator to find Lisbon, the investigator was unable to find him because he had moved after a fire. Lisbon, however, appeared and testified at trial, and he had given his address to the court and to the police. A prosecutor testified that he had been able to locate Lisbon with one telephone call to the American Red Cross. Furthermore, after moving, Lisbon kept his children in the same school, with the change of address reflected in their records, filed a change of address with the post office, had his utilities transferred to the new address and continued to frequent the same establishments. The court found, therefore, that the petitioner had failed to prove by a preponderance of the evidence

[4] Practice Book § 42-55 provides: "A request for a new trial on the ground of newly discovered evidence shall be called a petition for a new trial and shall be brought in accordance with General Statutes § 52-270. The judicial authority may grant the petition even though an appeal is pending."

[5] The trial court previously had denied the petitioner's request for a new trial on this ground prior to sentencing, and the issue was raised again by new counsel while the appeal was pending.

that the evidence could not have been discovered previously by the exercise of due diligence and denied the petition, inter alia, on that ground.[6]

On January 28, 2003, the petitioner filed a second amended petition for a writ of habeas corpus. Count three of the petition alleged ineffective assistance of counsel, essentially on the ground that the petitioner's trial counsel had failed to exercise reasonable diligence to locate Lisbon prior to trial and that such failure affected the outcome of the trial.[7] The matter came before the habeas court for trial on December 13, 2004, and January 18 and March 14, 2005.

On May 23, 2005, the habeas court issued a memorandum of decision dismissing the petition. With respect to the ineffective assistance of counsel claim, the court found that the petitioner had failed to introduce any proof that his trial attorney was, or could have been, aware of Lisbon's potentially exculpatory statement until the videotape surfaced and that there was no basis on which the court could conclude that his trial counsel was anything but effective in her trial representation of the petitioner. The court further found that even if it assumed deficient performance on the part of his trial counsel, the petitioner had failed to meet his burden of demonstrating prejudice. The court then granted the petition for certification to appeal, and this appeal followed.

The sole issue on appeal involves the possible collateral estoppel effect of the court's findings related to its December 23, 1997 judgment denying the petition for a new trial, which had been filed on the basis of claimed

---

[6] The court's denial of the petition also was made on the basis of findings that the evidence was cumulative and probably would not cause a different result in a new trial.

[7] The remaining two counts set forth in the petition, alleging equal protection violations and actual innocence, are not the subject of this appeal.

newly discovered evidence, on the habeas court's findings related to its May 23, 2005 dismissal of the petitioner's claim of ineffective assistance of counsel. Thus, the petitioner's claim on appeal is that because the court, on the petition for a new trial, found that the petitioner's trial counsel had failed to exercise due diligence in investigating his case, the habeas court was barred from making a determination that the petitioner's trial counsel was not ineffective under the doctrine of collateral estoppel. We disagree.

"Whether the . . . doctrine of collateral estoppel [is applicable] is a question of law for which our review is plenary." (Internal quotation marks omitted.) *Mount Vernon Fire Ins. Co.* v. *Morris*, 90 Conn. App. 525, 535, 877 A.2d 910 (2005), appeal dismissed, 281 Conn. 544, 917 A.2d 538 (2007). "Collateral estoppel, or issue preclusion, means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. . . . [Thus] [i]ssue preclusion arises when an issue is actually litigated and determined by a valid and final judgment, and that determination is essential to the judgment. . . . The doctrine of collateral estoppel express[es] no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest." (Citation omitted; internal quotation marks omitted.) *In re Application for Writ of Habeas Corpus by Dan Ross*, 272 Conn. 653, 661, 866 A.2d 542 (2005).

"Before collateral estoppel applies . . . there must be an *identity of issues* between the prior and subsequent proceedings. To invoke collateral estoppel the issues sought to be litigated in the new proceeding must be *identical* to those considered in the prior proceeding." (Emphasis in original; internal quotation marks omitted.) *Corcoran* v. *Dept. of Social Services*, 271

Conn. 679, 689, 859 A.2d 533 (2004); see *Dontigney* v. *Commissioner of Correction*, 87 Conn. App. 681, 686, 867 A.2d 93 (2005) (barring petitioner's ineffective assistance of counsel claim on ground that collateral estoppel bars relitigation of same issue); see also *Walsh* v. *Stonington Water Pollution Control Authority*, 250 Conn. 443, 461, 736 A.2d 811 (1999) (concluding that issue of unreasonable use in context of private nuisance claim is not the same issue as department of environmental protection determination that there was no feasible and prudent alternative to operation of sewage treatment and affirming trial court's denial of defendants' motion for directed verdict on ground of collateral estoppel). Here, the petitioner argues that the concepts of due diligence and ineffective assistance, as set forth in the claims of newly discovered evidence raised in the petition for a new trial and ineffective assistance of counsel raised in the habeas petition, respectively, present issues that are legally and conceptually indistinct, thereby implicating the doctrine of collateral estoppel. To determine if the petitioner is correct, we must identify and compare the standards governing a petition for a new trial made on the basis of newly discovered evidence with the standards governing an ineffective assistance of counsel claim to determine whether they present the same issues for the purposes of collateral estoppel.

"The standard that governs the granting of a petition for a new trial based on newly discovered evidence is well established. The petitioner must demonstrate, by a preponderance of the evidence, that: (1) *the proffered evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence;* (2) it would be material on a new trial; (3) it is not merely cumulative; and (4) it is likely to produce a different result in a new trial. . . . This strict standard is meant to effectuate the underlying equitable

principle that once a judgment is rendered it is to be considered final, and should not be disturbed by post-trial [proceedings] except for a compelling reason. . . . In determining the potential impact of new evidence, the trial court must weigh that evidence in conjunction with the evidence presented at the original trial. . . . It is within the discretion of the trial court to determine, upon examination of all the evidence, whether the petitioner has established substantial grounds for a new trial . . . ." (Emphasis added; internal quotation marks omitted.) *Daniels* v. *State*, 88 Conn. App. 572, 577, 870 A.2d 1109, cert. denied, 274 Conn. 902, 876 A.2d 11 (2005).

With respect to the first prong of this test, "[d]ue diligence does not require omniscience. Due diligence means doing everything reasonable, not everything possible. . . . [T]o entitle a party to a new trial for newly-discovered evidence, it is indispensable that he should have been diligent in his efforts fully to prepare his cause for trial; and if the new evidence relied upon could have been known with reasonable diligence, a new trial will not be granted." (Citation omitted; internal quotation marks omitted.) *Terracino* v. *Fairway Asset Management, Inc.*, 75 Conn. App. 63, 77, 815 A.2d 157, cert. denied, 263 Conn. 920, 822 A.2d 245 (2003).

The standard that governs the granting of a petition for a writ of habeas corpus for ineffective assistance of counsel is equally well established under the *Strickland* test.[8] "The sixth amendment to the United States constitution guarantees a criminal defendant the assistance of counsel for his defense. U.S. Const., amend. VI. It is axiomatic that the right to counsel is the right to the effective assistance of counsel. . . . A claim of ineffective assistance of counsel consists of two components:

---

[8] See *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied." (Internal quotation marks omitted.) *State* v. *Brown*, 279 Conn. 493, 525, 903 A.2d 169 (2006).

The performance prong of an ineffective assistance of counsel claim "requires that the petitioner show that counsel's representation fell below an objective standard of reasonableness." (Internal quotation marks omitted.) *McClam* v. *Commissioner of Correction*, 98 Conn. App. 432, 436, 909 A.2d 72 (2006), cert. denied, 281 Conn. 907, 916 A.2d 49 (2007). "[W]e strongly presume that counsel's professional assistance was reasonable, and the petitioner has the burden to overcome the presumption that his attorney was employing sound trial strategy. . . . We evaluate the conduct from trial counsel's perspective at the time. . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Internal quotation marks omitted.) *Bova* v. *Commissioner of Correction*, 95 Conn. App. 129, 137–38, 894 A.2d 1067, cert. denied, 278 Conn. 920, 901 A.2d 43 (2006).

Relevant to the performance prong is the duty of counsel to undertake reasonable investigation. Effective assistance of counsel imposes an "obligation [on] the attorney to investigate all surrounding circumstances of the case and to explore all avenues that may potentially lead to facts relevant to the defense of the case." *Walton* v. *Commissioner of Correction*, 57 Conn.

App. 511, 521, 749 A.2d 666, cert. denied, 254 Conn. 913, 759 A.2d 509 (2000). "Because a defendant often relies heavily on counsel's independent evaluation of the charges and defenses, the right to effective assistance of counsel includes an adequate investigation of the case to determine facts relevant to the merits or to the punishment in the event of conviction. . . . Regardless, counsel need not track down each and every lead or personally investigate every evidentiary possibility before choosing a defense and developing it." (Internal quotation marks omitted.) *Ricks* v. *Commissioner of Correction*, 98 Conn. App. 497, 502, 909 A.2d 567 (2006), cert. denied, 281 Conn. 907, 916 A.2d 49 (2007).

In comparing these standards, we conclude that they are different. Although it is clear that whether trial counsel has fulfilled his or her duty to conduct a reasonable investigation may form the linchpin issue in either a petition for a new trial made on the basis of newly discovered evidence or an ineffective assistance of counsel claim, the context in which the issue arises is materially different in each proceeding, and that difference could easily affect the outcome. Specifically, in a petition for a new trial made on the basis of newly discovered evidence, the petitioner bears the burden to prove, inter alia, due diligence by demonstrating that the proffered evidence is newly discovered such that it could not have been discovered by reasonable investigation. See *Daniels* v. *State*, supra, 88 Conn. App. 577. Conversely, in an ineffective assistance of counsel claim made on the basis of counsel's inadequate investigation, the petitioner bears the burden to prove, inter alia, *lack* of due diligence by showing that his trial counsel's investigation was inadequate such that it fell below an objective standard of reasonableness. See *McClam* v. *Commissioner of Correction*, supra, 98 Conn. App. 436. Further, the inadequacy analysis in an ineffective assistance of counsel claim goes beyond a simple due diligence test, as the court must determine whether the

petitioner has overcome a presumption that his counsel employed sound trial strategy. See *Bova* v. *Commissioner of Correction*, supra, 95 Conn. App. 138. Thus, the hurdle a petitioner must leap to demonstrate that his counsel failed to investigate adequately in the context of an ineffective assistance of counsel claim is higher than the hurdle the petitioner must leap in demonstrating that he conducted a reasonable investigation in the context of demonstrating due diligence in a petition for a new trial made on the basis of newly discovered evidence.

It does not follow, therefore, that the petitioner's failure to carry the burden of persuasion demonstrating reasonable investigation in a petition for a new trial stands as an adjudication that he has carried his burden of proving his counsel's inadequate investigation in his claim for ineffective assistance of counsel. See 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure (2002) § 4422, p. 592 ("[f]ailure of one party to carry the burden of persuasion on an issue should not establish the issue in favor of an adversary who otherwise would have the burden of persuasion on that issue in later litigation"). Although the issues are similar and the facts surrounding each may be relevant to the other, they are not identical. Accordingly, we conclude that they are legally distinct and that the disposition of one does not preclude the other under the doctrine of collateral estoppel.[9]

---

[9] The petitioner cites *Brown* v. *Commissioner of Correction*, 44 Conn. App. 746, 750, 692 A.2d 1285 (1997), to support the proposition that a judgment rendered in a prior action on a petition for a new trial has a preclusive effect on a subsequent issue of ineffective assistance of counsel. In *Brown*, however, the trial court addressed "the overall issue of adequate representation"; id., 751; in the petition for a new trial, and we concluded, therefore, that the petitioner was attempting to assert a claim previously adjudicated on the merits that was properly barred under the principles of res judicata. See id., 751–52. Here, the court never engaged in an ineffective assistance of counsel analysis when deciding the merits of the petition for a new trial, and the argument, therefore, is unavailing.

In reaching this conclusion, we find federal case law to be instructive. See *State* v. *Joyce,* 229 Conn. 10, 20, 639 A.2d 1007 (1994) ("[w]e employ [federal] precedent for guidance and analogy when the federal authorities are logically persuasive and well-reasoned" [internal quotation marks omitted]), on appeal after remand, 243 Conn. 282, 705 A.2d 181 (1997), cert. denied, 523 U.S. 1077, 118 S. Ct. 1523, 140 L. Ed. 2d 674 (1998). Federal courts have determined that there is a middle ground between the standard the sixth amendment imposes on an attorney and the due diligence requirement of rule 33 of the Federal Rules of Criminal Procedure,[10] and, therefore, it is possible for an attorney's failure to investigate a line of inquiry not to constitute ineffective assistance of counsel and, at the same time, violate the due diligence requirement of the rule. See *United States* v. *Wilson,* 2006 U.S. Dist. LEXIS 32118, *3–5 (D. Pa. May 22, 2006), citing *United States* v. *Slayman,* 1985 U.S. App. LEXIS 22058, *11 (3d Cir. March 22, 1985); see also *United States* v. *Allen,* 554 F.2d 398 (10th Cir. 1977) (implicitly reaching conclusion that gap exists between rule 33 due diligence and sixth amendment ineffective assistance of counsel), cert. denied, 434 U.S. 836, 98 S. Ct. 124, 54 L. Ed. 2d 97 (1977). In *United States* v. *Wilson,* supra, *3–5, the court determined that the petitioner's trial counsel was not ineffective for failure to call or investigate a potential witness, despite having previously denied the petitioner's rule 33 motion for a new trial on the ground that the petitioner did not meet the due diligence requirement with respect to pretrial

[10] Rule 33 of the Federal Rules of Criminal Procedure governs, inter alia, granting a new trial in a criminal case on the basis of newly discovered evidence. Like the standards governing a petition for a new trial on the basis of newly discovered evidence under Connecticut law, rule 33 imposes a diligence requirement on the movant. See *United States* v. *Bales,* 813 F.2d 1289, 1295 (4th Cir. 1987) (among requirements for new trial pursuant to rule 33, movant must allege facts "from which the court may infer diligence on the part of the movant" [internal quotation marks omitted]).

investigation. As the court stated, "there is a middle ground between a failure in [r]ule 33 due diligence and ineffective assistance; one does not necessarily equal the other. . . . The present facts fall within that gap." (Citation omitted; internal quotation marks omitted.) Id., *4–5.

Moreover, an analysis of the prejudice prong of the *Strickland* test further demonstrates the dissimilarity of the issues within an ineffective assistance of counsel claim and a petition for a new trial made on the basis of newly discovered evidence. As explained in *Strickland*, "the newly discovered evidence standard is not an apt source from which to draw a prejudice standard for ineffectiveness claims. The high standard for newly discovered evidence claims presupposes that all the essential elements of a presumptively accurate and fair proceeding were present in the proceeding whose result is challenged. . . . An ineffective assistance claim asserts the absence of one of the crucial assurances that the result of the proceeding is reliable, so finality concerns are somewhat weaker and the appropriate standard of prejudice should be somewhat lower." (Citation omitted.) *Strickland* v. *Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). As such, collateral estoppel is clearly inapplicable with respect to the prejudice prong of each claim. See *Lafayette* v. *General Dynamics Corp.*, 255 Conn. 762, 772 n.7, 770 A.2d 1 (2001) (exception to application of collateral estoppel exists when "[t]he party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action" [internal quotation marks omitted]); see also 1 Restatement (Second), Judgments § 28 (4) (1982).

Accordingly, we conclude that the court's ruling that the petitioner failed to sustain his burden of proof demonstrating that allegedly newly discovered evidence

could not have been discovered previously by the exercise of due diligence had no collateral estoppel effect on the habeas court's determination that the petitioner failed to meet his burden of proof demonstrating that his trial counsel was ineffective for inadequate investigation.

The judgment is affirmed.

In this opinion the other judges concurred.